IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

*Norfolk Division*

FILED IN OPEN COURT
JAN 1 1 2024
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 2:23-cr-127-05 |
| JARED HADDOCK, | |
| Defendant. | |

## STATEMENT OF FACTS

The United States and the defendant, JARED HADDOCK (hereinafter, "Defendant"), agree that at trial, the United States would have proven the following facts beyond a reasonable doubt with admissible and credible evidence:

1. Beginning in or about February 2021 and continuing thereafter until on or about August 2023, within the Eastern District of Virginia and elsewhere, the defendant, JARED HADDOCK, his co-defendants, and separately-charged defendant #1 (hereinafter "SCD-1"), did knowingly and intentionally combine, conspire, confederate, and agree with each other and with other persons, to knowingly and intentionally manufacture, distribute, and possess with intent to manufacture and distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, in violation of Title 21, United States Code, sections 846, 841(a)(1) and (b)(1)(A) and more than forty (40) grams of fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(B).

2. The defendant used multiple phones to facilitate and further the conspiracy including, but not limited to, a cellular phone assigned the number (757) XXX-3893.

1

3. The defendant used his cellular phone to coordinate the purchase and distribution of methamphetamine and fentanyl. One such person he coordinated narcotics transactions with using the -3893 phone was SCD-1, who served as a source of supply to the defendant for narcotics.

4. On October 23, 2022, the defendant sent SCD-1 multiple text messages to coordinate methamphetamine trafficking, including: "Hello I got six hundred for you still in cash app; I sent the other six that Barbie b*tch cash app make sure she get it to ya; And was up I still need to reup."

5. On August 18, 2022, in Virginia Beach, the defendant distributed approximately 28 grams of methamphetamine to a Confidential Source ("CS-1") in exchange for $450.

6. On November 29, 2022, in Virginia Beach, the defendant distributed approximately 28 grams of methamphetamine to CS-1 in exchange for $400.

7. On January 5, 2023, in Virginia Beach, the defendant distributed approximately 83 grams of methamphetamine to CS-1 in exchange for $990.

8. On January 6, 2023, in Virginia Beach, the defendant possessed approximately 648 grams of methamphetamine, approximately 107 grams of fentanyl, two firearms—a Mossberg CN 108 shotgun and a Jennings 22 semiautomatic handgun—more than $5,000 in United States Currency, multiple digital scales, and other drug paraphernalia.

9. The substances referenced in paragraphs 5-8 were chemically tested and contain methamphetamine and fentanyl respectively. Both narcotics are schedule II controlled substances.

10. The firearms referenced in paragraph 8 travelled in foreign or interstate commerce. The defendant's possession of these firearms was in furtherance of the drug trafficking conspiracy and his possession with intent to distribute the narcotics with which he was arrested on January 6, 2023. These firearms were in close proximity to the seized narcotics—all of which were found on

the second floor studio above a detached garage where the defendant was living.



11. In a post arrest *Miranda* interview, the defendant admitted to possessing the narcotics and firearms recovered during his arrest and his involvement in the charged conspiracy outlined in Count One. The defendant admitted to first purchasing quarter pound quantities of methamphetamine from SCD-1 for $1,200 for one month, but later increased it to one pound at a time, and in the final month of the conspiracy to two pounds. SCD-1 also supplied the defendant with the fentanyl recovered from his apartment at the time of his arrest. SCD-1 told the defendant to cut its potency by adding an adulterant to it with a 3:1 ratio. The defendant also admitted that he distributed methamphetamine to other drug dealers including one uncharged co-conspirator who he sold half pound quantities to for $2,500.

12. SCD-1 supplied the defendant with methamphetamine for at least six months from a point in 2022 until January 6, 2023. The first month, he supplied him with at least one quarter pound of methamphetamine, for approximately the next six months at least one pound per month, and at least two pounds in the month leading up to January 6, 2023. SCD-1 supplied the defendant with a minimum of 3,742 grams of methamphetamine during the conspiracy. This methamphetamine together with the 107 grams of fentanyl seized during the defendant's January 6, 2023 arrest equates to a converted drug weight of 7,751 kilograms.

13. The defendant has previously been convicted of multiple felonies and was aware that he was a felon prior to engaging in the drug trafficking conspiracy and other crimes outlined in the indictment in this case. As such, the defendant knew he was not lawfully allowed to possess the firearms he had at the time of his January 6, 2023 arrest.

14. The defendant's participation in the events described was undertaken knowingly, intentionally, and unlawfully, and not as a result of an accident, mistake, or other innocent reason.

15. The defendant acknowledges that the foregoing statement of facts does not describe all of the defendant's conduct relating to the offense charged in this case nor does it identify all of the persons with whom the defendant may have engaged in illegal activities.

Respectfully submitted,

Jessica D. Aber
United States Attorney

Date: 1/10/24

By: _____
John F. Butler
Assistant United States Attorney
Anthony C. Mozzi
Assistant United States Attorney

After consulting with my attorney and pursuant to the plea agreement entered into this day between the defendant, JAROD HADDOCK, and the United States, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

_____
JARED HADDOCK

I am JAROD HADDOCK's attorney. I have carefully reviewed the above Statement of Facts with him. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

_____
Trey R. Kelleter, Esq.
Attorney for JARED HADDOCK

5