IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

UNITED STATES OF AMERICA

v.

JARED HADDOCK,                             Criminal No.: 4:23CR127

        Defendant.

**DEFENSE POSITION WITH RESPECT TO SENTENCING**

    Mr. Haddock has no objections to the presentence report or the calculation of the advisory guidelines and submits that a sentence to the mandatory minimum term of 180 months is sufficient but not greater than necessary to accomplish the goals of 18 U.S.C. §3553(a).

    Mr. Haddock faces a mandatory ten years on Count One because of drug weight and an additional mandatory five years on Count Fourteen for possessing a firearm in relation to a drug offense. The government requests another three years in prison, to make it 18 years total. Mr. Haddock does not gloss over the government's arguments in its position paper, and, in fact, recognizes that the government's list of aggravators and mitigators is largely accurate. Differences arise largely as a matter of tone and emphasis. The government minimizes the extent to which Mr. Haddock's criminality is a function of his drug addiction and gilds the lily with references to Mr. Haddock dealing drugs "so he could maintain his lifestyle"[1] – a lifestyle of negative net worth and daily subsistence – but the point is taken that he has reached rock bottom with the necessary consequence of a lengthy prison term.

---

[1] ECF 165 at 5.

1

The question before the court is whether an additional term of three years, or some portion, is necessary to accomplish the statutory sentencing goals, even if viewed through the prism of the government's arguments. Mr. Haddock submits it is not. Everything the government says could just as easily be addressed with a sentence of fifteen years in prison. The advisory guidelines spit out its range – 151 to 188 months plus 60 months consecutive – through only four moving parts: (1) a drug weight level of 32, (2) a deduction of 3 levels for acceptance of responsibility, (3) adding 60 months for Count Fourteen, and (4) a terrible criminal history of VI. If it had spit out three fewer years by its largely random nature, the government would have felt just as comfortable asking for fifteen years – a decade and a half in prison for Mr. Haddock's drug addicted antisocial behavior would not appear lenient to anyone at all.

Mr. Haddock has demonstrated potential but has squandered past opportunities. As noted by the government, he "was quick to take responsibility"[2] this time and is in serious need of drug treatment as well as treatment for mental health issues that contribute to his criminal behavior. He is 46 years old and will not be released under any circumstances until he is into his 50's. Recidivism rates tell us that advanced age will do just as much as three more years of prison, piled on top of fifteen, to reduce the chances of his causing any more ill effects on society.

For these reasons, Mr. Haddock submits that he should be sentenced to 180 months incarceration.

Respectfully submitted,

JARED HADDOCK

By  \s\

---

[2] ECF 165 at 6. While Mr. Haddock's plea was about two months after his arrest, he agreed almost immediately to plead guilty; counsel's need to do his due diligence over the holiday season led to the plea after the New Year.

Trey R. Kelleter, Esq.<br>
VSB #41606<br>
KelleterLaw PC<br>
101 W. Main Street, Suite 100<br>
Norfolk, Virginia 23510<br>
Phone: (757) 500-7666<br>
Email: trey@kelleterlaw.com

## CERTIFICATE OF SERVICE

I certify that on this 3rd day of May 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification to all counsel of record.

\s\<br>
Trey R. Kelleter, Esq.<br>
VSB #41606<br>
KelleterLaw PC<br>
101 W. Main Street, Suite 100<br>
Norfolk, Virginia 23510<br>
Phone: (757) 500-7666<br>
Email: trey@kelleterlaw.com