IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
*Norfolk Division*

UNITED STATES OF AMERICA

v.

AIMEE YANEZ,

Defendant.

Case No. 2:23-cr-127

## STATEMENT OF FACTS

The United States and the defendant, AIMEE YANEZ (hereinafter, "the defendant"), agree that at trial, the United States would have proven the following facts beyond a reasonable doubt with admissible and credible evidence:

1. Beginning in or about January 2022 and continuing thereafter until on or about April 2022, within the Eastern District of Virginia and elsewhere, the defendant, AIMEE YANEZ, her co-defendants, and separately-charged defendant Malik DILLARD (hereinafter "DILLARD"), were knowingly and unlawfully involved in the possession and distribution of wholesale quantities of narcotics, including, but not limited to methamphetamine and fentanyl.

2. As part of the conspiracy, the defendant managed, occupied, and controlled real property located on Old College Drive in Suffolk, Virginia, and knowingly and intentionally made it available for the purpose of unlawfully manufacturing, storing, and distributing controlled substances, in violation of Title 21, United States Code, Section 856(a)(2).

3. Beginning as early as January 2022, and continuing through April 2022, the defendant utilized and allowed DILLARD to utilize her residence on Old College Drive for the purposes of furthering a drug trafficking conspiracy, including to store methamphetamine and fentanyl and to receive packages containing methamphetamine.



4. The defendant was a methamphetamine and fentanyl customer of DILLARD's, and she served as a courier for DILLARD and delivered quantities of methamphetamine and fentanyl to other customers.

5. For example, the defendant had one customer to whom she would regularly sell quantities of methamphetamine.

6. On one occasion, the defendant distributed methamphetamine to one of DILLARD's customers in Chesapeake, Virginia.

7. The defendant also distributed methamphetamine from DILLARD to co-defendant HOLLY TRIPLETT, who was obtaining one to two-ounce quantities of methamphetamine from DILLARD, two to three times a week, from in and around January 2022 until in or around April 2022.

8. The defendant used her cellular phone assigned the number (757) XXX-0455 to coordinate the purchase and distribution of methamphetamine and fentanyl with DILLARD and other co-conspirators.

9. On April 13, 2022, the defendant discussed narcotics payments and the use of her residence on Old College Drive in Suffolk for narcotics storage over the phone with DILLARD. DILLARD called the defendant, and asked, "Hey, do you need anything over there"? The defendant replied "Um, I mean, we have like four left and, uh, we don't have any food, you didn't leave any food, but I don't know what's in the case." DILLARD continued, "I'm trying to see…do I have Tina in the case? Well either way even if I do, it's not a lot. A'right, uh…you…you doing anything?" The defendant stated, "I might have a play here soon" and DILLARD responded, "Alright, cool then I'll take my time coming there."

10. In the preceding paragraph, DILLARD was contacting the defendant to see if she

needed narcotics at her residence. When the defendant said, "we have like four left," she was referencing four ounces of methamphetamine. When the defendant used the word "food" she was referring to heroin or fentanyl. Similarly, when DILLARD asked the defendant about "Tina" they were also referring to methamphetamine.

11. The defendant's participation in the events described above was undertaken knowingly, intentionally, and unlawfully, and not as a result of an accident, mistake, or other innocent reason.

12. The defendant acknowledges that the foregoing statement of facts does not describe all of the defendant's conduct relating to the offense charged in this case nor does it identify all of the persons with whom the defendant may have engaged in illegal activities.

13. The defendant was a minor participant in the conspiracy.

14. The drug weight foreseeably attributable to the defendant was at least 1.5 kilograms but less than 5 kilograms of methamphetamine.

Respectfully submitted,

Jessica D. Aber
United States Attorney

Date: 7/16/24

By: ______________________________
John F. Butler
Luke J. Bresnahan
Assistant United States Attorneys

CLC
AM
LJB

After consulting with my attorney and pursuant to the plea agreement entered into this day between the defendant, AIMEE YANEZ, and the United States, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

_____
AIMEE YANEZ

I am AIMEE YANEZ's attorney. I have carefully reviewed the above Statement of Facts with her. To my knowledge, her decision to stipulate to these facts is an informed and voluntary one.

_____
Christian Lee Connell, Esq.
Counsel for the Defendant, AIMEE YANEZ

4